# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIDITO LOTAWA, | ) 1:06-cv-01272-AWI-TAG HC |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE TRANSFERRED TO THE |
| | ) COURT OF APPEALS FOR THE NINTH |
| ALBERTO R. GONZALEZ, et al., | ) CIRCUIT PURSUANT TO THE REAL I.D. |
| | ) ACT OF 2005 |
| Respondents. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee.

BACKGROUND

On September 15, 2006, petitioner filed the instant petition for writ of habeas corpus as well as an "Emergency Motion For Stay Of Final Order Of Removal Or Deportation Pending Judicial Review." (Doc. 1). In the petition, petitioner indicates that he is presently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and being detained at Lerdo Jail, Bakersfield, California. (Doc. 1, p. 2). Petitioner also alleges that he is subject to a final order of removal, that during the removal proceedings, he was denied federal due process under the Fifth Amendment as well as the effective assistance of counsel under the Sixth Amendment. (Doc. 1, pp. 3-4). Petitioner seeks legal review of the final order of removal. (Doc. 1, p. 5). Finally, Petitioner alleges that a stay of the removal proceedings is required in order to prevent his removal and the subsequent prejudice that would result. (Doc. 1, p. 7).[1]

---

[1] Petitioner also requests his immediate release from ICE custody because "he has been in custody more the [sic] Six (6) months." (Doc. 1, p. 8). However, Petitioner provides no information at all in the instant petition regarding the date of the final order of removal, the date his detention by ICE commenced, his citizenship, the country to which he may be removed, or the likelihood that ICE will be able to effect his removal within a reasonable

DISCUSSION

On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (the Real ID Act of 2005, hereinafter "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows:

> Notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."

(Emphasis supplied.)

The plain language of Section 106 thus divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued.

In this case, petitioner alleges generally violations of his constitutional rights during the proceedings culminating in the final order of removal. Hence, it appears to the Court that the petition challenges a "final order or removal, deportation, or exclusion," which would, pursuant to RIDA, deprive this Court of jurisdiction to proceed. Should that be the case, the Court would recommend to the District Judge that the case be transferred to the venue specified in Section 106, i.e., the United States Court of Appeals for the area in which Petitioner's final order of removal was issued. Here, Petitioner does not specify where the removal proceedings occurred. However, since Petitioner indicates that his wife and children live in the State of Washington and he is being detained within the jurisdiction of the Ninth Circuit, the Court will presume, absent a contrary indication by the parties, that the appropriate federal appeals court for the district in which petitioner's final order of removal was issued is the Ninth Circuit.

According to a Special Notice dated October 3, 2005, regarding the protocol for district courts that are dealing with habeas corpus cases that may fall within the ambit of the RIDA, the

---

time. See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). Accordingly, even were the Court to construe Petitioner's request for immediate release as an implicit due process claim based on the length of his detention and the likelihood of his being removed, the allegations as presently framed in this petition would be insufficient to support such a request.

U.S. Court of Appeals for the Ninth Circuit suggests that initially the district court "allow the parties to stipulate to, or brief the propriety of, transfer." Therefore, in accordance with the Ninth Circuit's directive, the Court will direct that, within ten (10) days of the date of service of this order to show cause, the parties either: (1) stipulate to a transfer of jurisdiction to the Court of Appeals for the Ninth Circuit, or (2) in lieu of such a stipulation, that the parties submit briefs regarding their respective legal positions as to such a transfer.

If the parties do not stipulate to the transfer, and absent some strong showing that the instant petition does not in fact seek to challenge a final order of removal issued with the jurisdiction of the Ninth Circuit, the Court will issue a Report and Recommendation to the District Judge recommending that the matter be transferred to the Ninth Circuit for further proceedings, including consideration of whether a stay is warranted.

**ORDER TO SHOW CAUSE**

Accordingly, the Court HEREBY ORDERS that the parties are GRANTED TEN (10) days from the date of service of this Order, to SHOW CAUSE why the petition (Doc. 1) should not be transferred to the United States Court of Appeal for the Ninth Circuit. The parties may show cause either through the submission of a stipulation for transfer to the appropriate federal circuit court of appeals, or by submission of a document detailing that party's legal position vis-a-vis such a proposed transfer.

Petitioner is forewarned that his failure to comply with this order will result in a recommendation that the petition (Doc. 1) be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **October 6, 2006**              /s/ **Theresa A. Goldner**
**j6eb3d**                             UNITED STATES MAGISTRATE JUDGE