# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIDITO LOTAWA,               ) | 1:06-CV-01272-AWI-TAG HC |
|                  Petitioner,   ) | REPORT AND RECOMMENDATION TO |
|                                ) | GRANT RESPONDENT'S MOTION TO |
|           v.                   ) | DISMISS PETITION FOR WRIT OF HABEAS |
|                                ) | CORPUS FOR LACK OF JURISDICTION |
| ALBERTO R. GONZALEZ, et al.,   ) | (Docs. 1, 8) |
|                  Respondents.  ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee.

### BACKGROUND

On September 15, 2006, petitioner filed the instant petition as well as an "Emergency Motion For Stay Of Final Order Of Removal Or Deportation Pending Judicial Review." (Docs. 1, 2). In the petition, petitioner indicates that he is presently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and being detained at Lerdo Jail in Bakersfield, California. (Doc. 1, p. 2). Petitioner also alleges that he is subject to a final order of removal, that during the removal proceedings, he was denied federal due process under the Fifth Amendment as well as the effective assistance of counsel under the Sixth Amendment. (Doc. 1, pp. 3-4). Petitioner seeks legal review of the final order of removal. (Doc. 1, p. 5). Finally, petitioner alleges that a stay of the removal proceedings is required in order to prevent his removal and the subsequent prejudice that would result. (Doc. 1, p. 7).

On October 10, 2006, the court issued an order to show cause why the petition should not be transferred to the United States Court of Appeals for the Ninth Circuit, pursuant to the Real ID Act of 2005 ("RIDA"), which divests the district court of jurisdiction to consider challenges to

1  final orders of removal.  (Doc. 4).

2  On October 24, 2006, petitioner filed a response to the order to show cause in an
3  "Emergency Motion to Withdraw Stay of Final Order of Removal." (Doc. 7).  In that motion,
4  petitioner seeks to withdraw his motion for a stay of the removal order and, at the same time, he
5  attempts to raise a claim of unlawful detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

6  On October 30, 2006, respondent filed a response to the order to show cause, contending
7  that under RIDA, the district court must dismiss the petition rather than simply transferring it to
8  the Ninth Circuit.  (Doc. 8).  Respondent also moves for dismissal of the petition because the
9  district court lacks jurisdiction to proceed under RIDA.  (<u>Id.</u>).

10                                                  DISCUSSION

11  On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (i.e.,
12  "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section 106 amends 28 U.S.C.
13  § 1252, providing in pertinent part as follows:

> Notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."

17  (Emphasis supplied.)

18  The plain language of Section 106 thus divests the district court of jurisdiction in habeas
19  corpus cases involving challenges to a final order of removal, deportation, or exclusion, and
20  places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the
21  district in which the removal order was issued.

22  In this case, petitioner alleges generally violations of his constitutional rights during the
23  proceedings culminating in the final order of removal.  Hence, it appears to the court that the
24  petition challenges a "final order or removal, deportation, or exclusion," which would, pursuant
25  to RIDA, be outside of this Court's jurisdiction.

26  Although RIDA contained a provision for the transfer of pending habeas corpus cases to
27  the Ninth Circuit, any petitions filed on or after the May 11, 2005 effective date of RIDA should
28  be dismissed outright by the district court for want of jurisdiction.  <u>Puri v. Gonzales</u>, 464 F.3d

1038, 1041 (9th Cir. 2006); see Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-24 (7th Cir. 2006) ("Collateral proceedings filed on or after May 11, [2005,] however, will be dismissed outright; the window for belated judicial review has closed.").

Here, petitioner filed his petition on September 15, 2006, over sixteen months after the effective date of RIDA. Hence, respondent is correct that the proper procedure is dismissal of the petition for lack of jurisdiction. Puri, 464 F.3d at 1041.

To the extent that petitioner's response to the order to show cause raises the issue of unlawful detention under Zadvydas, the court notes that this claim was *not* raised in petitioner's habeas corpus petition as a substantive grounds for relief. Instead, petitioner casually refers to Zadvydas, in the conclusion and prayer for relief, as a basis for immediate release. Although the court will liberally construe habeas claims, petitioner makes no substantive claim of unlawful detention in the instant petition itself. To the contrary, the substantive claims in the petition are exclusively directed at challenges to the final order of removal and the removal proceedings themselves. Under these circumstances, even a liberal construction of the petition will not avail petitioner. The court cannot liberally construe what is not there.[1]

## RECOMMENDATION

For the foregoing reasons, the undersigned United States Magistrate Judge RECOMMENDS that respondent's Motion to Dismiss (Doc. 8) be GRANTED and that the instant Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED for lack of jurisdiction.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

---

[1] Moreover, petitioner provides no information at all in the petition regarding the date of the final order of removal, the date his detention by ICE commenced, his citizenship, the country to which he may be removed, or the likelihood that ICE will be able to effect his removal within a reasonable time, all of which are factors to be considered under Zadvydas v. Davis, 533 U.S. 678. Accordingly, even were the court to construe petitioner's passing reference to Zadvydas as an implicit due process claim based on the length of his detention and the likelihood of his being removed, the allegations in the petition would be insufficient to support such a request.

1  Magistrate Judge's Report and Recommendation."  The court will then review the Magistrate
2  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:   **November 7, 2006**                              **/s/ Theresa A. Goldner**
   **j6eb3d**                                                 UNITED STATES MAGISTRATE JUDGE